[No. 4651.    Decided September 11, 1903.]

L. A. KENNEDY, *Appellant*, v. ROSE M. TRUMBLE, *Respondent.*

EXECUTION SALE — REDEMPTION — LIABILITY FOR RENTS OF FARMING LAND.

Although an execution purchaser of land is liable for the rents or value of the use and occupation to a redemptioner of the land, such purchaser could not be held for the value of the use of farming lands, the right of possession of which is especially conferred on the debtor during the period of redemption by Laws 1899, p. 92, § 15, where it appears that the purchaser had not been in possession nor received the benefit of the crops raised thereon.

SAME — ACTION FOR ACCOUNTING PRIOR TO REDEMPTION — LIMITATIONS.

An action against an execution purchaser of land for an accounting of rents with a view to redemption, brought more than

a year after the sale, is in time, although the purchaser was not liable for any rents, where the purchaser did not comply with a demand for a sworn statement of the profits, and the action was brought within sixty days after demand therefor, as provided by Laws 1899, p. 91, §§ 12, 13.

SAME — SWORN STATEMENT OF RENTS NECESSARY.

The making of a statement of rents and profits received by the purchaser will not affect the extension of time given by the statute in case of a failure to make the statement demanded by the redemptioner, where the one made by the purchaser is not a sworn statement.

Appeal from Superior Court, Lincoln County.—Hon. Charles H. Neal, Judge. Reversed.

*Myers & Warren,* for appellant.

*Martin & Grant,* for respondent.

The opinion of the court was delivered by

Dunbar, J.—It is, we think, a sufficient statement of this case to say that the respondent purchased the land in controversy on the 10th day of November, 1900, at sheriff's sale, she having had a lien upon said land for the sum of $1,500 and certain costs. It is true, the court finds that said sale was made on the 10th day of October, 1900, but we think from the whole record in the case that this is a mistake, that the judgment was rendered on the 10th day of October, and that the sale was not made until the 10th day of November following. The judgment debtor, James Trumble, had deeded said land to appellant in June, 1900, and this action is a demand for an accounting of rents from respondent, with a view to redeeming said land under the provisions of chapter 53, of Laws of 1899, p. 85, it being claimed by the appellant that the respondent was obligated to him for the rental value of the land during the period between the purchase and the redemption. The statute (Laws 1899, p. 92, § 13) provides that "the

purchaser, from the time of the sale until the redemption, and the redemptioner, from the time of his redemption until another redemption [with certain exceptions], is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof," and, in effect, that such rents or profits shall be a credit upon the redemption money to be paid. It is, however, provided by the law in § 15 that, as to any land so sold which is at the time of sale used for farming purposes, or which is a part of a farm used at the time of the sale for farming purposes, the judgment debtor shall be entitled to retain possession thereof during the period of redemption. It appears from the testimony in this case that this was farming land, and that the respondent was not in possession of the land during the year succeeding the sale and did not receive the benefits of the crops raised thereon. It is contended by the appellant that she had a right to such benefits, and is therefore responsible to him for the value of the rental whether she received it or not. But we do not take this view of the law, and, from the testimony, are satisfied with the finding of the court in respect to the rent.

The only question left, then, is whether or not the time for redemption had expired before the commencement of this action by the appellant; the respondent claiming that, if it eventuated that she was not bounden to the appellant for the rents, the statute of limitations had run against the right of the appellant to redeem. The court took this view of the law, and found, both as a fact and a conclusion of law, that the land was not redeemed within the time required by law. Plaintiff's action was therefore dismissed, and the respondent was decreed to be the sole and separate owner of the premises. The mode of redeeming

pointed out by the statute is as follows: The person seeking to redeem shall give the sheriff at least five days' written notice of his intention to apply to the sheriff for that purpose. It shall be the duty of the sheriff to notify the purchaser or redemptioner, as the case may be, or his attorney, of the receipt of such notice; and, under the provision above referred to in relation to the rents and profits being credited upon the redemption money, if the redemptioner files with the sheriff a demand in writing for a written and verified statement of the amount of such rents and profits thus received and expenses paid and incurred, the period for redemption is extended five days after such sworn statement is given. If such person shall, for a period of ten days after such demand has been given to the sheriff, fail or refuse to give such statement, such redemptioner or other person entitled to redeem from such sale making such demand may bring an action within sixty days after making such demand in any court of competent jurisdiction, to compel an accounting and disclosure of such rents, profits, and expenses; and until fifteen days from and after the final determination of such action the right of redemption is extended to such redemptioner. It appears from the finding of the court in this case, although the testimony in that regard is not very satisfactory, that this demand was made by the appellant upon the respondent on the 1st day of October, 1901. In this connection it may be here stated that this renders immaterial the question of whether the sale was made to the respondent on the 10th of October, 1900, or the 10th of November following, for, if on the 10th of October, 1900, as found by the court, the demand filed on the 1st day of October, 1901, would be sufficient to avoid the statute of limitations. It is contended by the appellant that the answer provided by the statute was given and a statement pur-

porting to be such an answer was introduced and filed as an exhibit in the case; while the respondent as stoutly asserts that such answering statement was not given in response to the demand of the appellant. If the contention of the appellant were true that such statement was given in response to the demand, this action could not be maintained, because the statute provides that if, in response to such demand, a sworn statement is given by the purchaser or other person receiving such rents and profits, and such redemptioner or other person entitled to redeem or make such demand desires to contest the correctness of the same, he must first redeem in accordance with such sworn statement, and, if he desires to bring an action for an accounting thereafter, he may do so within thirty days after such redemption. But an examination of the statement furnished by the respondent shows that it does not comply with the requirements of the statute, in that it is not a sworn statement, or does not appear to be from the statement of facts on file. The statement prescribed by the law then not having been furnished, the redemptioner had the right to pursue the remedy which he is pursuing for the purpose of determining the amount necessary to pay for the redemption of the land.

For the error of the court in this respect the judgment will have to be reversed, and the appellant allowed to redeem, if he sees fit to do so, by paying the whole amount of the judgment and costs now standing against the land, the finding in relation to the rent being affirmed.

FULLERTON, C. J., and MOUNT, ANDERS and HADLEY JJ., concur.