[No. 3310-1.     Division One.     June 21, 1976.]

JAMES I. EDWINS, ET AL, *Appellants*, v. HIGHLINE SAVINGS
AND LOAN ASSOCIATION, *Respondent*.

*Dodd, Hamlin & Coney, P.S., Robert E. Ordal,* and *Byron
D. Coney,* for appellants.

*Beresford, Booth, Lehne & McKisson* and *Richard R.
Beresford,* for respondent.

FARRIS, J.—James I. Edwins and Alannah Edwins, his
wife, appeal from a summary judgment of the King County
Superior Court which dismissed their complaint against
Highline Savings and Loan Association for an accounting of
rents and profits from certain real estate. We reverse.

Highline Savings and Loan Association obtained a judg-
ment from the Kittitas County Superior Court on Novem-
ber 16, 1973, foreclosing a mortgage on certain real prop-
erty owned by James I. Edwins and his wife, Alannah
Edwins. Highline then purchased the property at the sher-
iff's sale on January 4, 1974. On August 31, 1974, the Ed-
winses filed a notice of intent to redeem and a demand for
a written statement of rents and profits received with the
sheriff of Kittitas County. In response, the Edwinses' attor-
ney received a statement of rents and profits in the form of
a copy of a letter from Highline to its attorney. Based upon
their belief that the statement did not comply with RCW
6.24.190 because it (1) was unverified, (2) covered a span

of time longer than the redemption period, and (3) was not sufficiently detailed to permit a determination of which items were associated with each month involved, the Edwinses brought an action to compel an accounting on September 11, 1974. On September 17, 1974, the Edwinses' attorney received a second statement of rents and profits. While this statement contained the same information as the first one, it differed in that it was verified. On September 18, 1974, Highline moved for a summary judgment of dismissal against the Edwinses contending that the verified statement of rents and profits was sufficient under RCW 6.24.190. In entering the order of dismissal granting Highline's motion, the trial court found that (1) a written and verified statement had been provided, (2) the verified statement had been provided more than 10 days after it had been demanded, (3) Highline was entitled to summary judgment even though the statement was disputed, and (4) the Edwinses would first have to redeem in accordance with the verified statement before contesting its correctness. The Edwinses appeal.

Under the statutory scheme established by RCW 6.24.190, if a written and verified statement *is not* provided within 10 days after it is demanded, the redemptioner has (1) 60 days from the date of the demand in which to bring an action for an accounting and (2) 15 days after that action is finally determined in which to redeem. On the other hand, if a written and verified statement *is* provided within 10 days after it is demanded, the redemptioner must first redeem in accordance with the statement and then has 30 days in which to contest its correctness through an action for an accounting. Here, two statements were provided. The issue is whether either statement, or both together, constitute compliance with RCW 6.24.190 such that the Edwinses would have to redeem before bringing an action for an accounting.

It is apparent that neither statement alone is sufficient to meet the standard of RCW 6.24.190. The first statement, even though timely filed, is defective because it was not

verified. *See Kennedy v. Trumble*, 32 Wash. 614, 618, 73 P. 698 (1903). The second statement, even though verified, fails to meet the standard of RCW 6.24.190 because it was filed more than 10 days after the Edwinses demanded a written and verified statement of rents and profits.

The issue thus becomes whether both statements together meet the standard of RCW 6.24.190. We hold that they do not. The rights of the various parties in a mortgage foreclosure and redemption situation are clearly defined by RCW 6.24.190. To hold that a statement filed after the expiration of the 10-day period could be retroactively applied to correct a defect in a statement filed during the 10-day period would inject uncertainty into an area that the statutory language makes definite and certain. The decision of the trial court is reversed and the cause remanded for entry of an order denying the motion for summary judgment of dismissal of the Edwinses' complaint and for further proceedings under that complaint as provided for in RCW 6.24.190.

Reversed and remanded.

WILLIAMS, C.J., and SWANSON, J., concur.