2015 FEB -2 AM 10: 01



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DOUG KRUGER, a single man, ) | NO. 70503-2-I |
| ) | |
| Respondent, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | |
| MICHAEL MOI, individually and as ) | |
| Personal Representative of the ) | |
| ESTATE OF SHERRI MOI, ) | UNPUBLISHED OPINION |
| ) | |
| Appellant. ) | FILED: February 2, 2015 |
| ) | |

LAU, J. — Michael Moi appeals a trial court's order to transfer a real property deed to Doug Kruger before Moi could redeem the property. He also appeals the trial court's denial of his motion for reconsideration. Moi contends that the redemption period should have been extended by 60 days because Kruger failed to provide a verified statement of profits and expenses as required by RCW 6.23.090(2). He also contends the trial court erred by denying his motion to reconsider when, following the court's order to extend the redemption period for five days, Kruger refused to allow Moi to redeem. Because both parties either invited the claimed error that induced the trial court to order transfer of the deed after a five-day extension of the redemption period or

the trial court erred when it failed to rule on whether Kruger satisfied the statutory verification requirement, we reverse and remand with instructions to the trial court that it may elect either (1) to address whether attorney Rick Wathen unjustifiably refused to honor his representations to the court entitling relief to Moi or (2) to decide the merits of the statutory verification question. We reverse and remand for further proceedings consistent with this opinion.[1]

## FACTS

The facts are well known to the parties. Doug Kruger and Michael Moi have been litigating this real property dispute since approximately 2006. The background facts are detailed in our previous unpublished opinion in Kruger v. Moi, 176 Wn. App. 1014, 2013 WL 4746931 (2013). This appeal arises from Kruger's attempt to satisfy a 2007 default judgment against Moi involving the real property located at 2832 27th Avenue West, Seattle, WA 98199 (the "Magnolia property") and Moi's subsequent attempt to redeem it.

On March 9, 2012, Kruger filed a motion for order to clerk for issuance of a writ, seeking a writ of execution involving Moi's parcel B of the Magnolia property.[2] Kruger sought to recover the amount the court awarded him in the 2007 default judgment. Kruger calculated that the recoverable amount (the original award with interest and other costs) totaled $82,831.08. On March 22, the court granted Kruger's order over

---

[1] We find no fault with the trial court's approach to this unnecessarily difficult and contentious case as evidenced in this record.

[2] The 2007 default judgment ordered the parties to convey the Magnolia parcels to each other so that each would hold title to one parcel. Moi did not challenge this default judgment. Moi conveyed parcel A to Kruger by quit claim deed. Kruger did not transfer parcel B to Moi. Moi, 176 Wn. App. 1014.

Moi's objection, though it found the amount owed on the judgment was only $57,663.87. The court then issued a writ of execution directing the sheriff to satisfy the amount owed to Kruger with the Magnolia property. At the sheriff's sale on May 25, 2012, Kruger purchased the Magnolia property for $70,479.29, the amount of Kruger's 2007 judgment award as calculated by his attorney, Rick Wathen.[3]

On April 3, 2013, in compliance with RCW 6.23.030, Kruger notified Moi that the redemption period for the Magnolia property expires on May 25, 2014—exactly 12 months from the date Kruger acquired the property at the sheriff's sale.[4] Moi submitted his notice of intent to redeem on May 21, 2013. The following day, Kruger provided an itemized statement for redemption stating that Moi had until May 28 to pay the full cost of redemption, amounting to $87,032.61.

Moi noticed that Kruger's itemized statement totaled roughly $8,000 dollars more than the purchase price of the Magnolia property, plus interest. Accordingly, on May 24, Moi filed with the sheriff a demand for a "written and verified statement of the amounts of rents and profits thus received and expenses paid and incurred regarding [the Magnolia property]." A party seeking redemption is allowed to request such a statement before the redemption period expires under RCW 6.23.090(2).

On May 28, Kruger responded to this request by e-mail. The e-mail included two attachments. The first is a spreadsheet of expenses. However, the dates of these

---

[3] To partially satisfy the second judgment award from 2010, Kruger also purchased a Ballard property owned by Moi at the same sheriff's sale. However, the Ballard property is not relevant to this appeal.

[4] Both parties agree that May 25, 2014 was not the correct date that the redemption period expired. May 25, 2014 was a Saturday, and May 27 was a holiday, therefore the redemption period expired on May 28, 2014.

expenses fall between April 3, 2001 and January 15, 2012. There are no expenses listed during the redemption period—May 25, 2013 through May 28, 2014. The second attached document contains a list of numbers totaling $3061.93. No explanation of any kind accompanies these numbers. Further, neither Kruger nor his attorney signed the documents. Kruger believed that he had complied with Moi's request. On May 29, he filed a motion requesting the court to issue an order compelling the sheriff to transfer the Magnolia property deed.

On June 7, Moi filed a response to Kruger's motion. Moi argued that the documents Kruger provided failed to satisfy the requirement under RCW 6.23.090(2) for a "written and verified statement of the amounts of rents and profits thus received and expenses paid and incurred . . . ." RCW 6.23.090(2). Moi also contended that Kruger's failure to provide a written, verified statement of expenses and profits extended the redemption period by 60 days, during which Moi could file an accounting action to determine the actual cost of redemption.

On June 11, the court heard oral argument on Kruger's motion. After several minutes of argument over whether Kruger had satisfied the statutory requirement for a written, verified statement of costs, Kruger's attorney, Rick Wathen, offered to resolve the issue by waiving the amount in dispute:

> MR. WATHEN: Your honor, it's going to cost my client more than $10,000 to continue down this path of nonsense.
> They cannot dispute the purchase price paid under Itemized No. 1. They cannot dispute the 12 percent interest. Can't do it. Okay? They can dispute the real estate taxes and the $6,000 there. If the Court grants our motion, I will waive on behalf of my client that $10,000 that's in dispute. Problem solved.

Report of Proceedings (June 11, 2013) (RP) at 37. To avoid "this path of nonsense,"

Kruger's attorney offered to waive the amount in dispute—the ambiguous amount from

the original itemized statement that prompted Moi to request a written, verified

statement of costs pursuant to RCW 6.23.090(2). The court stated that if Kruger waived

the amount in dispute, then whether he satisfied the verification statute was irrelevant—

"there is nothing left to argue about." RP at 38.

Following Kruger's offer, Moi's attorney, Elena Garella, sought to clarify how the

offer to waive the disputed amount affected the redemption period:

> MS. GARELLA: Since Mr. Wathen has so graciously offered to take off money so that we can redeem, how many days do we have to redeem? It seems to me that it might be appropriate to say that we get another five days because it takes that number of days after verification.
> MR. WATHEN: Your Honor, I'm not going to waive anything if it's going to continue this matter along the way.
> I graciously waived on behalf of my client a substantial amount of money which—they can't get—they are not also telling you Mr. Kruger—or Mr. Moi has judgments ahead of my client's judgment on this property. He is not getting financing. And I don't care—I know enough about financing, you're not going to be able to—
> MS. GARELLA: I object to all of your characterizations that are not before this court.
> THE COURT: Okay. I don't have—I mean—
> MS. GARELLA: I mean, if we're going to be entitled to redeem under these new numbers, it seems to me that it's appropriate to have a few days to redeem. Otherwise, the whole waiver issue is meaningless.
> MR. WATHEN: Your Honor—
> MS. GARELLA: Under the statute—
> MR. WATHEN: --if they come to me with a cash offer to redeem at those numbers within five days, I will represent to the Court I will make a good-faith effort to get it done. My client just wants to get paid.
> THE COURT: Okay. What I'm going to ask is that you not put the properties up for five days—for sale—
> MR. WATHEN: Agreed.
> THE COURT: --for five days to give them an opportunity to redeem to you.
> MR. WATHEN: On the record, I will represent to the Court and to counsel I will not list those properties for sale for five days.

THE COURT: Okay.

RP at 41–43 (emphasis added). The same day, June 11, the court issued an order granting Kruger's motion for an order for the sheriff to transfer the deed. The trial court also instructed the sheriff's attorney, who was present at the hearing, to "hold [the deed] for five days" to allow Moi to redeem the property. RP at 43. The order noted that Kruger had waived the amount in dispute.

On June 14, Garella e-mailed Wathen to confirm the proposed redemption amount:

> Moi will tender the redemption amount for Magnolia Parcel B and pay off the deficiency judgment on Monday [June 17, 2013].
>
> I calculate the amounts due as $26,386.07 for the deficiency judgment plus $79,469.74 for the 5 day 'redemption' opportunity that you guaranteed on the record in Superior Court on Tuesday, for a total of $105,855.81.
>
> IF YOU DISAGREE WITH THE NUMBERS SET FORTH, please advise me as to what you believe the correct numbers are, and how that number was calculated, as Moi must obtain a cashier's check in the proper amount.
>
> Unless you direct otherwise, the check will be made out to Cole Lether Wathen Leid & Hall PC IOLTA.

(Emphasis added.) (Boldface omitted.) On Sunday, June 16, while still within the five-day redemption period, Wathen replied, indicating that no order extended the redemption period: "Ms. Garella—If you will recall correctly, I agreed not to list the property for sale for a period of 5 days. I do not recall and the court did not grant any order extending the redemption period." This response clearly suggests Wathen's intent not to honor the five-day redemption period ordered by the court in reliance on his previous in-court representations. The next morning, on June 17, the last day of the five-day redemption period, Garella sought e-mail clarification from Wathen: "I see. So

-6-

I should not bother to have the lender make out the check because Kruger will not transfer the property to Moi? Let me know so I can tell the lender to not bother. Thanks." When Wathen failed to respond, Garella sent him an e-mail:

> Rick [Wathen], it is almost 4 pm and you have not responded to this inquiry from 9 am this morning. Obviously I have to assume that you mean what you emailed yesterday—that in Court you only said you would "hold" the property for five days, not that Moi could redeem it during that time. I think that it was obvious that we had 5 days to redeem.
>
> Anyway, no lender is willing to cut a cashier's check without written verification that Kruger will allow Moi to "redeem" at the "discount" rate you offered at last Tuesday's court hearing. At this point, in fact, the two lenders I have been dealing with are so turned off by these shenanigans that I am not sure they are worth approaching again even if you agree to accept the 105k.
>
> So Kruger gets Magnolia, at least until we reverse this matter on appeal. You seem to think that the practice of law involves misrepresentations, trickery, and as [appellate court] judge Leach said, "sharp practices." It is quite shameful.

(Emphasis added.)

On June 19, Moi moved for reconsideration of the court's decision to order the sheriff to transfer the deed. Moi argued that reconsideration was warranted because Kruger failed to honor the agreement reached during oral argument. Moi also requested the court to impose CR 11 sanctions against Wathen and Kruger. The court denied the reconsideration motion and sanction request. Moi appealed.

## ANALYSIS

Moi argues that the trial court erred when it issued the order transferring the deed to Kruger because Kruger failed to provide a verified statement of profits and expenses as required by RCW 6.23.090(2). Under that provision, a failure to provide a verified statement extends the redemption period by 60 days. RCW 6.23.090(2). Therefore, according to Moi, without a verified statement, the trial court lacked the legal authority to

transfer the deed to Kruger. See, e.g., Kennedy v. Trumble, 32 Wn. 614, 73 P.698 (1903), Edwins v. Highline Sav. & Loan Ass'n, 15 Wn. App. 660, 551 P.2d 135 (1976). Kruger responds, arguing that he satisfied the statutory requirement for verification and that the trial court properly transferred the deed.

The record shows that the trial court never ruled on the statutory verification issue. Rather, as quoted above, the parties each made representations to the court that led it to order transfer of the deed only after a five-day extension period during which Moi could redeem the property. By allegedly failing to honor those representations, the parties may have invited error. In re Marriage of Morris, 176 Wn. App. 893, 900, 309 P.3d 767 (2013) ("The invited error doctrine prohibits a party from setting up an error below and then complaining of it on appeal.").

Either (1) the parties invited error by making representations that induced the trial court to issue an order transferring the deed following a five-day extension of the redemption period or (2) the trial court erred by failing to rule on whether Kruger satisfied the statutory verification requirement. In view of the unique circumstances presented here, we reverse and remand with instructions to the trial court. The court on remand may elect either to address the invited error question by determining whether Wathen refused to honor his representations to the court, entitling relief to Moi. Or, if the trial court elects not to address that issue, then the court must address the merits of the statutory verification question. If Kruger's verification was adequate, then the redemption period has run. If the verification was inadequate, then the trial court should address what remedy is available to Moi.

## CONCLUSION

For the reasons discussed above, we reverse and remand the trial court's order transferring the deed and the trial court's denial of Moi's reconsideration motion for further proceedings consistent with this opinion.

WE CONCUR: